NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NORMAN L. SCHUMACHER,**
*Petitioner,*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent.*

---

2014-3110

---

Petition for review of the Merit Systems Protection Board in No. CH-0831-14-0199-I-1.

---

Decided: September 15, 2014

---

NORMAN L. SCHUMACHER, of St. Louis, Missouri, pro se.

JOSHUA A. MANDLEBAUM, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and CLAUDIA BURKE, Assistant Director.

---

Before PROST, *Chief Judge,* REYNA and HUGHES, *Circuit Judges.*

PER CURIAM.

Norman L. Schumacher asked the Office of Personnel Management to stop a reduction to his retirement benefits stemming from his election of the maximum survivor annuity for his wife. OPM denied his request, and notified Mr. Schumacher that he had 30 days from the date of the decision to request reconsideration. Mr. Schumacher did not file a request for reconsideration until well after that deadline, and OPM dismissed his request as untimely. The Merit Systems Protection Board affirmed OPM's dismissal. Because the Board did not abuse its discretion in finding that Mr. Schumacher has not shown that circumstances beyond his control prevented him from timely filing a request for reconsideration, we affirm.

I

In 1999, after over 25 years of Federal service, Mr. Schumacher retired. In 2007, Mr. Schumacher's first wife passed away. In 2010, Mr. Schumacher remarried and elected the maximum survivor annuity for his second wife.

OPM sent Mr. Schumacher a letter dated June 1, 2010, informing Mr. Schumacher that due to this election, his annuity payments would be subject to an "actuarial" reduction of $484 per month to pay the additional cost he would have incurred from 1999 to 2010 if he had elected maximum survivor benefits at retirement. The letter warned Mr. Schumacher that this actuarial reduction would be "permanent even if the marriage ends." A13–A14. It also included instructions on how to elect lower survivor benefits. The survivor annuity became effective on November 1, 2010.

After Mr. Schumacher divorced his second wife in September 2011, he contacted OPM about the $484 actu-

arial reduction for the survivor annuity. In October 2011, after OPM sent him another copy of the June 1, 2010 letter, which had informed him of the consequences of electing a maximum survivor benefit, Mr. Schumacher wrote to OPM that he had not previously received the letter "[f]or some unknown reason." A15. If he had, Mr. Schumacher wrote, he "would have cancelled that election immediately." *Id.* Mr. Schumacher contacted OPM again in July 2012, and again asserted that he did not receive the June 1, 2010 letter the first time it was sent.

In a letter dated July 22, 2012, OPM sent Mr. Schumacher its initial decision denying his request to stop the actuarial reduction. This letter notified Mr. Schumacher that he had 30 days to request reconsideration. OPM also enclosed Form RI 38-47, which includes instructions on how to request reconsideration and explains that the 30-day deadline for reconsideration is calculated from the date of the initial decision.

Mr. Schumacher did not request reconsideration until November 19, 2012, well after the August 27, 2012 deadline. In a letter dated December 13, 2013, OPM sent Mr. Schumacher its decision dismissing his request for reconsideration under 5 C.F.R. § 831.109(e).

Mr. Schumacher appealed to the Merit Systems Protection Board. He again argued that he never received OPM's June 1, 2010 letter, and that if he had received it, he would have cancelled his election.

Mr. Schumacher admitted that he did not respond to the July 22, 2012 decision within the 30-day deadline. He explained that his "only defense" for not responding within the deadline was "that [he] was visiting [his] daughter in Wisconsin during part of August 2012 and as such put the letter in [his] file and forgot about it." A32. Mr. Schumacher alleged that he did not know what Form RI 38-47 is, and that he had not received a copy of it. He also stated that his November 19, 2012 request for recon-

sideration references a telephone conversation with an OPM supervisor, showing that he contacted OPM between July 22, 2012 and November 19, 2012. Additionally, Mr. Schumacher argued that it was unfair to enforce the 30-day deadline because OPM had taken so long to respond to his earlier requests.

On April 8, 2014, the Board issued its initial decision, affirming OPM's dismissal.

Mr. Schumacher appeals. This court has jurisdiction under 28 U.S.C. § 1295(a)(9).

II

Our review of the Board's decision is limited by statute. Under 5 U.S.C. § 7703(c), we must affirm any action, finding, or conclusion that is not: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. *Hayes v. Dep't of Navy*, 727 F.2d 1535, 1537 (Fed. Cir. 1984).

Under 5 C.F.R. § 831.109(e), a request for reconsideration "must be received by OPM within 30 calendar days from the date of the original decision." This section gives OPM the discretion to extend the time limit if the individual shows that he was not notified of the time limit and was not otherwise aware of it, or that he was prevented by circumstances beyond his control from timely requesting reconsideration.

Here, Mr. Schumacher does not dispute that his request was untimely. And he does not dispute that OPM's July 22, 2012 letter notified him of the 30-day deadline. Accordingly, for OPM to have had discretion to extend the deadline, Mr. Schumacher must have shown that circumstances beyond his control prevented him from timely requesting reconsideration.

Mr. Schumacher provided no such evidence. According to Mr. Schumacher, his request was untimely because he put the letter in his file and forgot about it. The Board did not abuse its discretion in finding that this evidence does not constitute circumstances beyond his control that prevented him from timely requesting reconsideration.

We have considered Mr. Schumacher's remaining arguments and find them unpersuasive.

## AFFIRMED

No costs.